In re **WALNUT STREET FOUR, a Pennsylvania General Partnership, Partnership ID #23–2466599, Debtor.**

**Bankruptcy No. 5–89–00580.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 18, 1989.

Thomas A. French, Rhoads & Sinon, Harrisburg, Pa., for plaintiff.

Henry F. Siedzikowski, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Walnut Street Four, a Pennsylvania general partnership in Harrisburg, which consists of the Petitioner herein, Daniel E. Beren, a general partner; John M. Elliott and Edward F. Mannino, also general partners and the Respondents herein; and Bernard Zbrzeznj, an individual whose status remains unclear at this time. Beren's petition alleges that the debtor/partnership is "generally not paying its debts which are not subject to any bona fide dispute as they become due."

The response to the Involuntary Petition filed by Mannino and Elliott (hereinafter "Respondents") contains certain Affirmative Defenses and Counterclaim which were stricken upon motion of the petitioner. The Memorandum filed in this regard indicates that the motion was granted principally for lack of relevance and failure to address the central issue of the petition set forth in 11 U.S.C. § 303(h)(1).

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute; or

\* \* \* \* \* \*

DISCUSSION

From the testimony offered at an evidentiary hearing we make the following Finding of Facts:

1. The debtor/partnership was formed on or about March of 1988 to purchase and renovate an office building known as and located at 126 Walnut Street, Harrisburg, PA.

2. The petitioner, Daniel E. Beren, from its inception handled the daily affairs of the partnership. This included negotiations for interim financing.

3. The debtor/partnership agreed that an architect, James Crum, should be hired to prepare plans and specifications.

4. Disagreements arose among the partners concerning interim financing which was ultimately obtained by Beren in the amount of $100,000 from Hamilton Bank.

5. The debtor/partnership was notified that estimates indicated a total cost of approximately $158,000 would be needed to begin the renovation process.

6. A document offered by the petitioner entitled "Partnership Certificate and Authorization for Loans" indicated that any one of the four persons was authorized on behalf of the partnership to borrow money in behalf of the partnership. This document was signed by Beren, Elliott, Mannino and Zbrzeznj. An additional $100,00 was borrowed from Hamilton Bank and secured by a collateral mortgage on an adjacent property owned by a partnership known as Walnut Street Three. This partnership of which petitioner Beren was also a member also guaranteed the entire $200,000 advanced to the debtor/partnership.

7. The renovation work proceeded and Beren was unable to obtain assistance from Elliott and Mannino regarding arrangements for permanent financing. Without sufficient funds to underwrite the project it remains incomplete and outstanding bills remain unpaid. An architectural estimate indicates that it is approximately 92% completed.

8. On May 8, 1989, Beren filed the subject petition.

9. Deed to debtor/partnership dated April 30, 1987 was offered into evidence as well as certain contracts with McClure Mechanical Services, J. Crum Architect Services, and a contract for asbestos removal. Work on the project ceased in September of 1988. Invoices for certain materials and services were offered as follows:

A. Statement of an account payable to McClure Mechanical Services in the amount of $29,346.69.

**58**

B. Construction Collaborative (general contractor) $45,207.67.

C. Brinjack, Kambic & Associates $5,031.47

D. Sheridan & Fritz $22,015.00

E. Unpaid monthly interest to Hamilton Bank $18,232.00

F. City of Harrisburg for services $3,359.13

G. J. Crum, Architect $2,463.61

H. Hamilton Bank as of December 1988 in the amount of $255,000

TOTAL $380,655.57

A Mr. Lutz, Vice President of Hamilton Bank, testified as to the current balance due for principal interest on the partnership loan. He also indicated that in the judgment of the Bank the fair market value of the property in question was somewhat less than the total amount of debts outstanding.

Beren testified that in addition to the real estate the only assets of the partnership were represented by two bank statements, one dated August 31, 1989 showing a balance of $572 and the second showing a balance of as of August 31, 1989 in the amount of $540.63 and that none of the partners was making any financial contribution at this time.

Respondents failed to offer any testimony showing that there was a bona fide dispute as to any of the debts recited by the petitioner. They likewise failed to offer any testimony of their own in this regard. Their counsel indicated that a suit dealing with some of the matters stricken by the petitioner's motion herein were being pursued in a State Court proceeding against Daniel E. Beren, individually. The net result of the respondents' defense amounted to a virtual concession that the petitioner had met his statutory burden and was consequently entitled to the relief requested. In light of this and all matters had before me, including the foregoing Findings of Fact and Conclusions of Law, we enter the following Order.

### ORDER

On consideration of the petition filed on May 8, 1989 against the above-named debt-or, an order for relief under chapter 7 of the Bankruptcy Code (title 11 of the United States Code) is granted.